O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-9712 PSG (PWJx) | Date | December 17, 2010 |
|---|---|---|---|
| Title | Carlos Santos v. JP Morgan Chase Bank, N.A., *et al*. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s): Attorneys Present for Defendant(s):

Not Present                          Not Present

**Proceedings:**  (In Chambers) Order Denying Plaintiff's *Ex Parte* Request for a Temporary Restraining Order

  Before the Court is *pro se* Plaintiff Carlos Santos' *ex parte* application for a temporary restraining order. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of the application, the Court DENIES the application.

I. Background

  On December 17, 2010, Plaintiff Carlos Santos ("Santos") filed this action against Defendants JP Morgan Chase Bank, N.A., Argent Mortgage Company, LLC and Quality Loan Service Corporation (collectively, "Defendants") in this Court. The Complaint attempts to assert claims for, *inter alia*, violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635(a). Though difficult to understand, the Complaint alleges that "[o]n or around August 19, 2010," Plaintiff's home was the subject of a non-judicial foreclosure by Defendants. *See Compl*. 3:13-15. An unlawful detainer action was decided in favor of Defendants in state court, and Plaintiff's present lawsuit is an attempt to rescind the loan on the home, remain on the property and enforce the terms of an alleged settlement between the parties. *See TRO Application* ¶ 1; *see also Compl*. 11:1-25.

  Also on December 17, 2010, Plaintiff filed this *ex parte* application for a temporary restraining order ("TRO") and a preliminary injunction that would, at the least, postpone the eviction. *See TRO Application* ¶ 3.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9712 PSG (PWJx) | Date | December 17, 2010 |
|---|---|---|---|
| Title | Carlos Santos v. JP Morgan Chase Bank, N.A., *et al*. | | |

II.     Legal Standard

An application for a temporary restraining order must satisfy the same legal standard governing the issuance of a preliminary injunction. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). Accordingly, a party seeking a temporary restraining order must establish each of the following elements: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) an advancement of the public interest. *See Winter v. Natural Res. Def. Council*, —U.S.—, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008) (citation omitted).

Additionally, as the Court's standing order indicates, *ex parte* requests will only be entertained by the Court for extraordinary situations and should be used with discretion. *Standing Order* ¶ 10. In particular, to justify *ex parte* relief, the applicant must show (1) that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures and (2) that she is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.,* 883 F. Supp. 488, 492 (C.D. Cal. 1995).

III.    Discussion

Plaintiff's *ex parte* application for a TRO fails for two reasons: (1) Plaintiff is unable to establish a likelihood of success on the merits of the claims in the Complaint, and (2) Plaintiff is at fault in creating the crisis requiring *ex parte* relief.

First, the Court notes that Plaintiff has not established a likelihood of success on the merits of the claims in the Complaint. The *ex parte* application attempts to establish that the foreclosure sale of Plaintiff's property was invalid under Cal. Civ. Code § 2924. *See TRO Application* ¶ 4. In fact, that is the only reason Plaintiff offers as to why the TRO is justified. Plaintiff's Complaint, however, does not allege a violation of Cal. Civ. Code § 2924. Plaintiff's attempt to show a likelihood of success on the merits of a Cal. Civ. Code § 2924 claim does not establish likelihood of success on the merits of the claims in the Complaint. Moreover, the TILA provision cited in Plaintiff's Complaint gives consumers of a credit transaction the right to rescind for three business days, and 12 C.F.R. § 226.23(d)(1) governs the "[e]ffects of rescission" of certain secured transactions. *See* 15 U.S.C. § 1635(a)(1); 12 C.F.R. § 226.23(d)(1). Without additional information, the Court cannot see how those provisions apply to the purchase of Plaintiff's home in early 2010. Plaintiff has thus failed to establish that

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9712 PSG (PWJx) | Date | December 17, 2010 |
|---|---|---|---|
| Title | Carlos Santos v. JP Morgan Chase Bank, N.A., *et al*. | | |

success on the merits of the claims in the Complaint is likely.

In addition, the Court observes that Plaintiff knew about the potential for foreclosure as early as August of 2010. *See Compl.* 3:13-15. Despite notice of the impending foreclosure sale, however, Plaintiff waited over four months–until December 17, 2010–to file this suit challenging the sale. Plaintiff does not explain this delay and has therefore failed to demonstrate the absence of fault in creating the crisis that supposedly warrants *ex parte* relief. *See Mission Power*, 883 F. Supp. at 492.

IV.   Conclusion

Based on the foregoing, the Court DENIES Plaintiff's *ex parte* application for a temporary restraining order.

**IT IS SO ORDERED.**